**EXHIBIT A**

# Commonwealth of Massachusetts

| | |
|---|---|
| **SUFFOLK, SS.** | **TRIAL COURT DEPARTMENT**<br>**SUFFOLK SUPERIOR COURT**<br>**CIVIL ACTION NO.** |

**LACED BOSTON**
                **Plaintiff**

**11/3/2021**

    **v.**

**BIBERK INSURANCE SERVICES, INC**
                **Defendant**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Laced Boston is a sole proprietorship with its primary place of business located at 100 Huntington Ave, Boston, MA 02116.

2. The Defendant, Biberk Insurance Services, Inc. (hereinafter "Biberk") is a foreign entity with a principal office at 1314 Douglas St., Suite 1400, Omaha, NE 68102, and a registered agent located at 84 State St., Boston, MA 02109.

### FACTS

3. At all times relevant hereto, the plaintiff has operated a clothing store at 569 Columbus Ave., Boston, MA 02109.

4. At all times relevant hereto, and beginning on July 16, 2019, the defendant has been the insurer of the defendant, originally named Laced Quality Garments Co.

5. At all times relevant hereto, the Plaintiff has paid its premium.

6. On or about 11:00pm on May 23, 2020, looters smashed the store's front window and door, and stole clothes and shoes.

1

7. At the time of the theft, Plaintiff's insurance policy with the Defendant was in good standing.

8. Plaintiff/Owner, Joamil Rodriguez reported this to the police, and soon thereafter, reported the theft to Biberk.

9. A proof of loss statement was sent by the Plaintiff and his public adjuster Jeremy Turner, on October 27, 2020, with the value of loss estimated at one hundred and seven thousand, five hundred forty-nine dollars ($107,549.00).

10. Soon thereafter, Biberk's claims examiner Larry Embree indicated to the Plaintiff that it had reached the policy limits, and Mr. Embree would submit the valuation for approval.

11. Mr. Embree subsequently left Biberk, and account was transferred to another examiner named Marc Dellario.

12. Mr. Dellario, on approximately April 7th, 2021, indicated he was working on submitting the valuation.

13. Since that date, Mr. Dellario and the Defendant have continued ignored emails and calls from adjuster Jeremy Turner

14. Mr. Dellario and Defendant continued to ignore emails and calls until Attorney Peter O'Karma reached out June 17th, 2021.

15. Mr. Dellario responded by requesting a letter of representation.

16. Despite receiving the letter of representation, Mr. Dellario and the Defendant never again responded to the Plaintiff.

17. On August 20, 2021, an M.G.L.§ 93A and § 176D demand letter was sent to the Defendant's in state registered agent.

18. In the demand letter, the Plaintiff notified the Defendant of its failure to acknowledge and act reasonably prompt upon communications with respect to claims arising under insurance policies.

19. In the demand letter, the Plaintiff notified the Defendant of its failure to adopt and implement reasonable standards for the prompt investigation of claims arisen under your insurance policies;

20. In the demand letter, the Plaintiff notified the Defendant of its failure to pay claims without conducting a reasonable investigation based upon all available information;

21. In the demand letter, the Plaintiff notified the Defendant of its failure to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

22. In the demand letter, the Plaintiff notified the Defendant of its failure to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

23. In the demand letter, the Plaintiff notified the Defendant of its actions which forced the Plaintiff to institute pre-litigation to recover amounts due under an insurance policy by avoiding phone calls, emails, and other forms of communications with its representatives;

24. In the demand letter, the Plaintiff notified the Defendant of its delayed investigation or payment of claims by requiring that an insured or claimant, submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

25. In the demand letter, the Plaintiff notified the Defendant of its failure to settle claims promptly, where liability had become reasonably clear.

26. In the demand letter, the Plaintiff notified the Defendant of its failure to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

## COUNT 1

### VIOLATION OF MASS. GENERAL LAWS 176D

27. The Plaintiff repeats the allegations contained in paragraphs 1-26 as if set forth herein in their entirety.

28. The defendant is engaged in the business of insurance in the Commonwealth of Massachusetts.

29. The defendant was subject to the provisions of G.L. c. 176D.

30. The defendant violated at least four provisions of G.L. c. 176D

31. Despite the Plaintiff providing all information requested by the defendant, the defendant failed to conduct a reasonable investigation of the plaintiff's claim in violation of G. L. c. 176D, § 3 (9) (d).

32. In refusing to communicate with the Plaintiff and his representatives, the defendant failed to effectuate a "prompt, fair and equitable settlement" of defendant's claim, in violation of G. L. c. 176D, § 3 (9) (f).

33. The Defendant Biberk has systematically refused to honor the Plaintiff's continual demands for settlement in this matter and has forced the Plaintiff to engage in costly, time-consuming litigation.

34. The Defendant Biberk has failed to adopt and implement reasonable standards for the prompt investigations of this claim arising under its binding policy with the Plaintiff, in violation of M.G.L. 176D §3(9)(c).

## COUNT II

## VIOLATION OF MASS. GENERAL LAWS 93(A)

35. The Plaintiff repeats the allegations contained in paragraphs 1-34 as if set forth herein in their entirety.

36. The Defendant Biberk and its agents at all times knew or should have known that its insured was wholly and fully responsible for all the claims alleged in Count 1 of this Complaint.

37. By not effectuating any settlement offers- reasonable or otherwise, the Plaintiff has been forced into initiating litigation.

38. A violation of Chapter 176D, 3(9) automatically constitutes a violation of Section 9 of Chapter 93A.

39. As such, the defendant has violated Section 9 of Chapter 93A.

40. The Defendants' actions were deceptive and the deception was willful and knowing, constituting a violation of M.G.L. chapter 93A, § 2, 9.

## COUNT III

## BREACH OF CONTRACT

41. The Plaintiff repeats the allegations contained in paragraphs 1-40 as if set forth herein in their entirety.

42. The Defendant entered to a contract with the Plaintiff whereby it agreed to pay valid claims of loss.

43. This claim was determined to be valid by Biberk representative Larry Embree, yet the claim was never paid.

## COUNTY IV

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS

44. The Plaintiff repeats the allegations contained in paragraphs 1-43 as if set forth herein in their entirety

45. The Defendant avoided phone calls and emails, and attempted to ignore the Plaintiff for months at a time, in an attempt to avoid paying a valid claim.

WHEREFORE, the plaintiff, Laced Quality Garments, Co., hereby demands that the court enter judgment against the defendant, Biberk Insurance Services, LLC., for all general and special damages incurred, together with interest, costs, attorney fees and such other and further relief as the court may order.

THE PLAINTIFF DEMANDS THE RIGHT TO TRIAL BY ON ALL COUNTS.

Respectfully Submitted
PLAINTIFF
By Its Attorney

Peter O'Karma, BBO#673954
The Law Office of Peter A. O'Karma
1 State St., Suite 200
Boston, MA 02109
(617)870-8577
Peter@OKarmaLaw.com

November 2, 2021