UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
LACED BOSTON,                   )
                                )
          Plaintiff,            )
V.                              )    C.A. No. 1:21-CV-11925
                                )
BIBERK INSURANCE SERVICES, INC.,)
                                )
          Defendant.            )
_____)
```

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### SYNOPSIS

The defendant, biBERK Insurance Services, Inc. ("bIS"), submits this memorandum in support of its motion to dismiss.

Plaintiff's case caption references itself as "Laced Boston." There is no existing legal entity or even a "DBA" certificate carrying that name. Plaintiff's allegations demonstrate that some commercial entity claims to be aggrieved. The as-named purported plaintiff, however, is unable to bring this action.

In addition and/or in the alternative, bIS requests dismissal of those counts in the complaint (Counts One and Two) alleging violations of Mass. G.L.c. 93A § 9, and Mass.G.L.c. 176D, pursuant to Fed.R.Civ.P.12(b)(6), because a commercial plaintiff has no such right of action under Mass.G.L.c 176D.

BACKGROUND

Plaintiff's case caption identifies itself as "Laced Boston." The plaintiff does not state whether it is a foreign or domestic corporation; or under what authority it may be "doing business as" Laced Boston.

In the body of the complaint, the plaintiff identifies itself as a sole proprietorship, owned by "[p]lainitiff/owner, Joamil Rodriguez," having a primary place of business at 100 Huntington Avenue, Boston, Massachusetts [Compl. ¶¶ 1, and 8]. Public records show that there was once a company having the name "Laced Boston" as a domestic LLC. This was dissolved on June 28, 2019 [Exhibit A, Massachusetts Corporate Registration record for Laced Boston LLC].

A search of the City of Boston DBA registry for "Laced Boston" shows that no such DBA has been registered. [Exhibit B, City of Boston DBA Database results].  Similarly, there is no record of a domestic corporation by the name "Laced Quality Garments Co."  The identity the plaintiff provided[Exhibit C, Massachusetts Registration record for "Laced Quality Garments Co."]

The plaintiff's claims it was  an insured under a commercial businessowner's policy when it sustained property

2

loss. The plaintiff suggests that its claims against bIS were submitted under its own name or under the name "Laced Quality Garments Co." [Compl. ¶ 4: "At all times relevant hereto, and beginning on July 16, 2019, the defendant has been the insurer of the defendant, [sic] originally named Laced Quality Garments Co."].[1]

Even taking these disputed allegations as true for purposes of this motion only, the plaintiff so misidentifies itself that it is impossible to determine what entity or person actually suffered the claimed loss so as to address the applicability of insurance coverage under these allegations.

The claims are all premised on bIS's asserted failure to complete an investigation and issue insurance payment under a policy issued by an affiliated entity.  Count One pleads violations of Mass.G.L.c. 176D based on bIS's alleged failure to pay claims for the theft of clothing goods from its storefront [Compl. ¶¶ 27-34]. Count Two asserts a violation of Mass.G.L.c. 93A§§ 2 and 9, premised on Mass.G.L. c.176D violations [Compl. ¶¶ 35 – 40].

---

[1] Defense counsel alerted plaintiff counsel that bIS did not issue the subject policy and suggested substitution by email on December 10, 2021. There has no been no response to this proposal. A separate motion will be filed on this issue.

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though the court must accept plaintiff's factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The court need not accept "legal conclusions couched as fact." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

bIS further relies on public records to illustrate the deficiencies of the plaintiff's identity. The court may consider in this motion undisputedly authentic documents, such as official public records, documents central to plaintiff's claim, or material referred to in the complaint *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). Further, if the complaint contemplates a document for which authenticity is not challenged, the court may also consider it under a Rule 12(b)(6) motion. *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33-34 (1st Cir. 2001).

**ARGUMENT**

**1.The Complaint Should Be Dismissed Due To Plaintiff's Misnomer.**

The plaintiff filed this case as "Laced Boston," a sole proprietorship, owned by "[p]laintiff/owner, Joamil Rodriguez" [Compl. ¶¶ 1, 8].[2]

Public records establish there is a defunct domestic Limited Liability Corporation, Laced Boston, LLC, which was dissolved in 2019 [Exhibit A].[3] As a practical matter, the complaint should be dismissed pursuant to Fed.R.Civ.P.12(b)(6) as it is not clear what entity the plaintiff is claiming to be, making it impossible to determine whether there is a party for whom the court can grant relief for or against, and prejudicing the defendant's ability to litigate and defend.

Under Mass.R.Civ.P. 12(b)(8), a complaint may be dismissed for failure to properly name a party. Even lacking a cognate

---

[2] The plaintiff "Laced Boston" is not a registered as a DBA for Joamil Rodriguez or any other person [Exhibit B]. The purpose behind such a registry is obvious. Should this case be dismissed, without any public record establishing that Laced Boston is the DBA of Joamil Rodriguez, the claim could be refiled under some other designation.

[3] To the extent that the plaintiff maintains that it is Laced Boston LLC, the Court must dismiss the complaint, pursuant to Fed R. Civ. P. 12(b)(2), as lacking jurisdiction over the plaintiff. "To hear a case, a court must have personal jurisdiction over the parties[.]" *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002)(*citing United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 35 (1st Cir. 1999)). "The Court does not have jurisdiction over non-existent entities[.]" *Tashjian v. CVS Pharmacy, Inc.*, No. 19-11164-TSH, 2020 U.S. Dist. LEXIS 71994, at *5 (D. Mass. Mar. 13, 2020)(citations omitted). As Laced Boston LLC, has been dissolved by the Massachusetts Secretary of State and is thus a non-existent entity, it has no means to proceed.

rule, federal courts have long acknowledged the doctrine of misnomer. *See United States v. A. H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947). The reasoning for dismissal based on a misnomer presents itself distinctly here.

Plaintiff alone has created confusion as to what entity it is over which this Court has authority. Indeed, were the situation to be reversed or augmented through the assertion of a counterclaim, such a claim might be subject to dismissal under the federal doctrine of misnomer, because "Laced Boston" simply does not exist. *See Tashjian v. CVS Pharmacy, Inc.*, No. 19-11164-TSH, 2020 U.S. Dist. LEXIS 71994, at *2 (D. Mass. Mar. 13, 2020)(Hennessy,J.)(holding that a claim against an nonexistent entity must be dismissed); *A. H. Fischer Lumber Co.*, 162 F.2d at (holding that an action filed against a misnamed entity is subject to a dismissal).

Moreover, as it is not clear who the plaintiff is, it is not clear to whom the defendant should submit discovery, or to whom the court would issue judgment for or against. As the defendant prepares to initiate discovery, it is not known whether "Laced Quality Garments Co." or Laced Boston LLC hold material evidence that would be subject to discovery, or could be compelled to appear or provide documents.  As a further practical matter, should the defendant successfully defend itself, it should be protected from a similar suit by a "Laced

6

Quality Garments Co." or another unregistered enterprise of Joamil Rodriguez under the doctrine of *res judicata*.

Yet another practical complication given the inaccurate manner of plaintiff's self-identification relates to the property losses for which it seeks recovery. The defendant understands generally that virtually all of the goods allegedly stolen belonged to third persons who consigned the goods to be sold by the putative plaintiff.

Those third persons have no rights under the subject insurance policy. The ambiguity in the case caption raises doubt about the plaintiff's standing to assert the rights of the several consignors and whether "Laced Boston," Rodriguez, or some other party is the lawful consignee.

Finally, central to this case is the plaintiff's claim that it was an insured under a businessowners policy [Compl. ¶¶ 4-9].[4] It is not clear who is claiming to be insured, which meaningfully impairs the defendant's ability to even answer the plaintiff's complaint. There appear to be no less than three entities who claim to be the insured under the bIS businessowners policy: "Laced Boston, Joamil Rodriguez, and

---

[4] Were the plaintiff not a named insured under the insurance contract, it would be unable to maintain an action against the defendant. *See DiMillo v. Travelers Prop. Cas. Co. of Amer.*, 789 F. Supp. 2d 194, 203 (D. Me. 2011).

"Laced Quality Garments Co." Without clarification as to the identity of the plaintiff for example, it not clear whether the defendant can admit or deny paragraphs 4, 5, and 7 of the complaint.

The doctrine of misnomer should be applied so as to dismiss the complaint, for it is impossible to determine the rights and interests of the person making the claim in this action as brought.

## 2. As a Commercial Concern, Plaintiff has No Remedy Under Mass. G.L.c. 176D or Mass. G.L.c. 93A §9

Plaintiff brings Counts One and Two as a commercial retail business under a Businessowners Policy [Compl. ¶ 4 and 7]. Commercial entities do not have a cause of action Mass. G.L. c. 93A, sec.9, or under Mass. G.L. c. 176D, as those afford remedies to consumers only. These rights do not extend to commercial enterprises.

In addressing commercial claims, the Massachusetts Supreme Judicial Court has expressly rejected the premise that commercial plaintiffs may sue for an insurer's purported violations of G.L. c. 176D. *See Polaroid Corp. v. Travelers Indem. Co.*, 414 Mass. 747, 754 (1993). Further, the plain terms

of Mass.G.L.c. 93A §9 are not available to claims of a
commercial nature.[5]

The plaintiff states that it "operated a clothing store…"
and itsw claim relates to stolen merchandise [Compl. ¶¶ 3, 6-7].
"Laced Boston" Therefore describes itself is engaged in the
conduct of "trade or commerce" within the meaning of
Mass.G.L.c.93A, § 11.

Commercial parties do not have a right of action under
Mass.G.L.c. 176D. *Polaroid Corp,* 414 Mass.at 754 [citing *Jet
Line Servs., Inc. v. Am. Employers Ins. Co.*, 404 Mass. 706, 717
n.11 (1989)]. Indeed, as is the case here, in a business against
business dispute, a plaintiff cannot establish a *per se*
violation of Mass.G.L. c. 93A, or assert a direct claim through
Mass. G.L. c. 176D. *DeMatteo Const. Co. v. Century Indem. Co.*,
182 F. Supp. 2d 146, 159-60 (D. Mass. 2001)(Young, J.)("[T]he
insurers' assertion that chapter 176D does not create a private
cause of action for injured parties is correct."); *Kiewet Const.
Co. v. Westchester Fire Ins. Co.*, 878 F. Supp. 298, 301 (D.

---

[5]  Mass.G.L.c. 93A, § 9, provides the following limitation on those bringing
an action under Section 9, "(1) Any person, other than a person entitled to
bring action under section eleven of this chapter[.]" (Emphasis added).
Notably, "[a]ny person who engages in the conduct of any trade or commerce
and who suffers any loss of money or property, real or personal," is entitled
to bring and action under Mass.  G.L. c. 93A, § 11. (Emphasis added).

Mass. 1995) *Transamerica Ins. Group v. Turner Constr. Co. 33 Mass.App.Ct. 446, 452 (1992)*.

A commercial plaintiffs' claims for unfair and deceptive practices must be presented under the terms of Mass.G.L. c. 93A §11, not §9. *DiVenuti v. Reardon*, 37 Mass.App.Ct. 73, 79 (1994) (where the claimed property was a part of a business the plaintiff was barred from presenting its commercial claim under M.G.L. c. 93A §9 through M.G.L. c. 176D); *also Kiewit Constr. Co.,* 878 F. Supp. 298, 301 ("only individual consumers, not persons engaged in trade or commerce, may sue under Section 9 for unfair claims settlement practices which violate 176D.")

Accordingly, Count One and Count Two, asserting violations of Mass. G.L. c. 93A, §9, are barred as a matter of law and must be dismissed with prejudice.


**CONCLUSION**

WHEREFORE, for the foregoing reasons, biBERK Insurance Services, Inc., requests that this Honorable Court: (1)dismiss the entire action due to plaintiff's misnomer; and (2) dismiss Counts One and Two, with prejudice, as this commercial plaintiff does not have a right of action under Mass.G.L.c. 176D and Mass. G.L.c. 93A, §9.

biBERK Insurance Services, Inc.,
By its attorney,

/s/ David M. O'Connor

Dated: December 21, 2021

David M. O'Connor
BBO No. 544166
O'CONNOR & ASSOCIATES, LLC
325 Boston Post Road
Sudbury, MA  01776
(978) 443-3510
doconnor@oconnorllc.com

### CERTIFICATE OF SERVICE

I hereby certify that this document was e-filed via PACER and will be sent electronically to the registered participants via e-mail to those indicated as non-registered participants on December 21, 2021.

/s/ David M. O'Connor

David M. O'Connor